IN THE UNITED STATES DISTRICT COURT FOR THE FOURTH DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| Paige E. Hylton,<br><br>    Plaintiff,<br><br>v.<br><br>Chad McMahon<br>    and<br>MJL, LLC d/b/a The Good Life Sport Bar & Grill,<br><br>    Defendants. | CASE NO. 8:21-cv-291<br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND REQUEST FOR JURY TRIAL |

INTRODUCTION

COMES NOW the Plaintiff, Paige E. Hylton ("Plaintiff"), and for her causes of action against Defendants, Chad McMahon and MJL, LLC d/b/a The Good Life Sport Bar & Grill, alleges and states as follows:

1. This is an action for damages against the Defendants for the Plaintiff's rights as guaranteed under Title VII of the Civil Rights Act of 1964 on the basis of sex as amended by the Pregnancy Discrimination Act of 1978 for wrongful discharge, as guaranteed by the Equal Pay Act (EPA) for backpay, and as guaranteed in Section 48-1104 of the Nebraska Fair Employment Practice Act.

VENUE

2. Venue is appropriate in this Court as all material facts occurred in Omaha, Douglas County, Nebraska.

PARTIES

3. Plaintiff, Paige E. Hylton, is a resident and citizen of Omaha, Douglas County, Nebraska.

4. Defendant, Chad McMahon ("McMahon"), is a resident and citizen of Omaha, Douglas County, Nebraska.

5. Defendant, MJL, LLC d/b/a The Good Life Sport Bar & Grill ("The Good Life"), is a business incorporated and with its primary place of business in Omaha, Douglas County, Nebraska, and at the time of the events listed in this complaint was owned by McMahon. This business was sold to another party unrelated to this complaint after the events described.

## BASIS FOR JURISDICTION

6. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, and as modified by the Pregnancy Discrimination Act of 1978.

7. This action is brought for discrimination in pay on the basis of sex pursuant to the Equal Pay Act.

8. This action is brought for discrimination in employment pursuant to Section 48-1104 of the Nebraska Fair Employment Practice Act.

9. Plaintiff has met the administrative requirements of this action in that on or about November 7, 2019, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Dismissal and Notice of Rights from the EEOC on April 28, 2021, affirming adoption of the findings of the NEOC and affirming rights in the complaints described in paragraphs six and seven.

STATEMENT OF CLAIM

10. The discriminatory conduct of which Plaintiff complains in this action includes termination of employment and unequal terms and conditions of employment.

11. The discriminatory acts occurred, to the Plaintiff's best recollection, on October 10, 2018, and February 9, 2019.

12. Plaintiff believes that Defendants are no longer committing these acts against her.

13. Defendants discriminated against Plaintiff based on her sex through pregnancy as defined in 42 U.S.C. § 2000e following the Pregnancy Discrimination Act of 1978.

FACTS

14. Plaintiff worked for Defendants as a bartender from 09/01/16 to 02/08/19.

15. On 10/18/18, Plaintiff informed McMahon that she was pregnant.

16. On 10/20/18, in a meeting with McMahon, General Manager Dan Satterlee ("Satterlee"), and Assistant General Manager Justin Metallo ("Metallo"), McMahon told Plaintiff that he did not like the pregnant version of her and that he liked the non-pregnant version of her better.

17. At the 10/20/18 meeting, McMahon also told Plaintiff she had to wear her hair down, dress sexier, wear more make up, and try to look available to keep customers around.

18. At the 10/20/18 meeting, McMahon told Plaintiff he did not want a "whale" behind the bar.

19. At the 10/20/18 meeting, McMahon informed Plaintiff she would not be allowed to come back after her pregnancy and that he wanted her to leave her employment with The Good Life by January 2019.

20. Autumn Gerrish ("Gerrish") was another bartender employed by Defendants that was two weeks further along in her own pregnancy at the time Plaintiff was pregnant. Gerrish was allowed to return to work after her pregnancy.

21. On 01/12/19, Plaintiff was removed from the work schedule at The Good Life.

22. On 02/09/19, Plaintiff was allowed to return to work at The Good Life, but during her last shift on that day, McMahon asked Satterlee what Plaintiff was doing there and told Satterlee that Plaintiff was not permitted to return.

23. Plaintiff has not been scheduled to work at any time after 02/09/19.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

24. Plaintiff filed a charge with the Equal Employment Opportunity Commission regarding the Defendants' alleged discriminatory conduct on 11/07/19.

25. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter received by Plaintiff on 04/28/2021.

## FIRST CAUSE OF ACTION

26. Plaintiff incorporates in this First Cause of Action all facts as described in paragraphs 14 through 23.

27. McMahon wrongfully discharged Plaintiff from her position as a bartender at The Good Life Bar & Grill in violation of Title VII of the Civil Rights Act of 1964 on the basis of sex as amended by the Pregnancy Discrimination Act of 1978.

28. As a direct and proximate cause of the violation described in paragraph 27, Plaintiff has suffered emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

SECOND CAUSE OF ACTION

29. Plaintiff incorporates in this Second Cause of Action all facts as described in paragraphs 14 through 23.

30. Defendants wrongfully discriminated against Plaintiff in pay and benefits on the basis of sex in direct violation of the Equal Pay Act.

31. As a direct and proximate cause of the violation described in paragraph 30, Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

THIRD CAUSE OF ACTION

32. Plaintiff incorporates in this Third Cause of Action all facts as described in paragraphs 14 through 23.

33. McMahon wrongfully discharged Plaintiff from her position as a bartender at The Good Life Bar & Grill in violation of Section 48-1104 of the Nebraska Fair Employment Practice Act.

34. As a direct and proximate cause of the violation described in paragraph 33, Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a) Award Plaintiff compensatory damages against Defendants to the maximum extent allowed by law;

b) Award Plaintiff lost back pay and benefits;

c) Order the Defendant to award Plaintiff's reasonable future wages;

d) Award damages to compensate Plaintiff for her substantial inconvenience, pain and suffering, emotional distress, and loss of enjoyment of life.

REQUEST FOR JURY TRIAL

Plaintiff, Paige E. Hylton, hereby requests a jury trial to be held in Omaha, Douglas County, Nebraska.

PAIGE E. HYLTON, Plaintiff

By: _____
W. Randall Paragas #18382
Paragas Law Offices
9202 West Dodge Road Suite 307
Omaha, NE 6811
(402) 926-2300
(402) 926-2999 (fax)