IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE E. HYLTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHAD MCMAHON, and MJL, LLC, doing business as The Good Life Sport Bar & Grill,<br><br>　　　　　Defendants. | **8:21CV291**<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Filing Nos. 7 and 13. Plaintiff is Paige E. Hylton, and the defendants are Chad McMahon and MJL, LLC d/b/a The Good Life Sport Bar & Grill ("The Good Life"). Filing No. 12 at 2. Hylton's first cause of action alleges the Defendants violated her rights pursuant to Title VII, 42 U.S.C. § 2000e(k) and under the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). *Id.* In Hylton's second cause of action, she alleges that the Defendants discriminated against her pursuant to the Equal Pay Act, 29 U.S.C. § 255(a). *Id.* In Hylton's third cause of action, she alleges that Defendants violated her rights pursuant to Neb. Rev. St. § 48-1104 of the Nebraska Fair Employment Practice Act by wrongfully discharging her from her position. *Id.*

## BACKGROUND

　　　Hylton worked at The Good Life as a bartender from September 1, 2016 until February 8, 2019. *Id.* at 3. On or around October 18, 2018, Hylton informed the owner, McMahon, that she was pregnant. *Id.* On October 20, 2018, Hylton had a meeting with

1

McMahon, General Manager Dan Satterlee, and Assistant General Manager Justin Metallo, where McMahon told Hylton "that he did not like the pregnant version of her and that he like the non-pregnant version of her better." *Id.* McMahon went on to tell Hylton that "she had to wear her hair down, dress sexier, wear more make up, and try to look available to keep customers around." *Id.* McMahon told Hylton that he did not want a "whale" behind the bar, referring to the weight Hylton would eventually gain due to her pregnancy. *Id.* at 4. McMahon went on to say that Hylton would not be allowed to return to work after her pregnancy, and that he wanted her to leave The Good Life by January 2019. *Id.*

On January 12, 2019, Hylton was removed from the work schedule, however she was permitted to return on February 9, 2019. *Id.* While at work on February 9, McMahon asked Satterlee why Hylton was there, as he had told her not to return. *Id.* Since that date, Hylton has not been scheduled to work at The Good Life. *Id.* On November 7, 2019, Hylton filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding the Defendants' alleged discriminatory conduct towards her. *Id.* The EEOC issued Hylton a Notice of Right to Sue letter on April 28, 2021, though it was not received until May 26, 2021. *Id.*

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) n.3. (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss

2

under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### A) Failure to State a Claim

Defendants move for an order dismissing Hylton's case with prejudice. Filing No. 13 at 1, Filing No. 7. Defendants argue that Hylton has failed to state a claim upon which relief can be granted and fails to allege facts which give rise to a facially plausible claim. *Id.* Defendants state that Hylton failed to offer a single allegation giving rise to discrimination based on her sex and pregnancy. Filing No. 14 at 4. Defendants argue that Hylton has not provided the Court with sufficient allegations supporting her claim that her sex and pregnancy were the reasons for dismissal. *Id.*

3

The Court finds that the plaintiff's amended complaint alleges sufficient allegations, when taken as true, to state a claim against Chad McMahon and MJL, LLC d/b/a The Good Life Sports Bar & Grill. At this point in the case, the Court finds that Hylton has stated a claim for wrongful termination of employment in violation of Title VII on the basis of sex and under the Pregnancy Discrimination Act of 1978.

However, the Court finds that the plaintiff has not stated sufficient factual allegations to raise a right to relief above the speculative level for a claim under the Equal Pay Act 29 U.S.C. § 255(a). There are no facts alleged in the Amended Complaint to support this claim. The Court will give Plaintiff 14 days from the date of this order to amend the claim under the Equal Pay Act 29 U.S.C. § 255(a) and state sufficient factual allegations. If the plaintiff fails to amend the claim under the Equal Pay Act 29 U.S.C. § 255(a), the claim will be dismissed.

Hylton alleges that she was terminated from her employment due to pregnancy. The Court finds that Hylton's claim for wrongful discharge of employment in violation of Section 48-1104 of the Nebraska Fair Employment Practice Act, Neb. Rev. St. § 48-1104, is similar to Title VII, 42 U.S.C. § 2000e-2. Therefore, for the same reasons as stated under the Title VII discussion, the Court finds the plaintiff has established sufficient cause of action for discharge based on sex and pregnancy at this point in the lawsuit. The Court finds that Hylton has placed the defendants on notice of allegations against them. Following discovery, the parties may proceed with summary judgment, if appropriate.

**B) Erred in Naming an Individual**

Defendants argue that Hylton's Amended Complaint is defective in naming an individual who cannot be held liable under the relevant statutes. Filing No. 13. Defendants argue that Chad McMahon, owner of The Good Life Sports Bar & Grill, at all

relevant times in this lawsuit, does not fall within the definition of employer and must be dismissed as a defendant. *Id.*

Pursuant to Title VII 42 U.S.C. § 2000e(b), "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). "The term 'person' includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

Defendant argues that Hylton has not provided any allegations that McMahon was her employer, only that McMahon wanted Hylton to leave and removed her from the schedule, but not that Hylton worked for McMahon. Filing No. 14 at 8–9. Defendant argues that there is not a single allegation stating McMahon is an employer as defined by Title VII or the NEFPA, and as a result, the Court should dismiss McMahon as a defendant, with prejudice. *Id.* at 10. Defendant contends that McMahon was only an owner of MJL, LLC, and that MJL, LLC was Hylton's actual employer at the Good Life Bar & Grill. *Id.* at 9.

Hylton argues that McMahon was an owner of the Good Life Bar & Grill at the time of the events and was her employer. Filing No. 15 at 6. Hylton argues that when viewing the two statutory definitions of "employer" and "person" together, it "show[s] that one individual engaged in an industry affecting commerce who has fifteen or more employees

5

for each working day in each of twenty or more calendar years is statutorily an "employer" for purposes of Title VII and the NFEPA. *Id.* at 5.

The Court finds that Hylton has placed Chad McMahon on notice that she is suing him under Title VII as an owner *and* employer. The allegations set forth in the Amended Complaint can be construed to support jurisdiction and are deemed sufficient at this point in the lawsuit. McMahon was, in fact, the owner of The Good Life Bar & Grill during the time of Hylton's allegations. He made decisions regarding her employment, work hours, and discharge. The Court finds the allegations are sufficient and will deny the motion to dismiss McMahon. However, if, after discovery in this case, the defendants believe the evidence does not support jurisdiction over McMahon, they are free to file an appropriate motion.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motions to dismiss, Filing Nos. 7 and 13, are denied and granted in part at this time.
2. Plaintiff has 14 days from the date of this Memorandum and Order to amend her amended complaint to add factual allegations to support her Equal Pay Act claim. Failure to do so will result in dismissal of the Equal Pay Act claim.

Dated this 21st day of January, 2022.

                                                BY THE COURT:

                                                s/ Joseph F. Bataillon
                                                Senior United States District Judge